## IN THE COURT OF APPEALS OF IOWA

No. 17-1830
Filed January 24, 2018

**IN THE INTEREST OF A.P. and R.M.,**
**Minor Children,**

**M.P., n/k/a M.M., Mother,**
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.


　　　A mother appeals from the order terminating her parental rights. **AFFIRMED.**


　　　John D. Jacobsen of Jacobsen, Johnson and Wiezorek, P.L.C., Cedar Rapids, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　Katherine M. Hartman Eastvold, Coralville, guardian ad litem for minor children.


　　　Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the order terminating her parental rights to A.P., pursuant to Iowa Code section 232.116(1)(f), and to R.M., pursuant to section 232.116(1)(h), and as to both children, pursuant to section 232.116(1)(g) (2017).[1]

The mother has a history with the juvenile court. Her parental rights to an older child, N.P, were terminated in 2011. She also has a child, T.P., who was

---

[1] Section 232.116(1) authorizes a court to terminate a parent's rights where:
   (f) The court finds that all of the following have occurred:
      (1) The child is four years of age or older.
      (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
      (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
      (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

   (g) The court finds that all of the following have occurred:
      (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
      (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
      (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
      (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

   (h) The court finds that all of the following have occurred:
      (1) The child is three years of age or younger.
      (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
      (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
      (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

removed from her care in 2012 after she and Joseph[2] were found to be manufacturing methamphetamine in their home and two-year-old T.P. tested positive for methamphetamine.[3]

The mother placed her children—A.P., born in September 2013,[4] and R.M., born in August 2015—in the care of a cousin because she knew the children were not safe with Joseph due to the parents' methamphetamine use and domestic violence. The children were judicially removed from parental custody pursuant to an emergency removal order on February 29, 2016. On April 12, 2016, the juvenile court found the children were in need of assistance (CINA) and entered an adjudication/disposition order in which the court noted the mother was in jail. The children have remained in foster-care placement since that time with no trial period at the mother's home.

The mother has received numerous services during these juvenile-court proceedings, including domestic-violence counseling, drug testing, mental-health evaluation and medication management, substance-abuse evaluation and treatment, and supervised visits. Due to the mother's participation with services and progress in maintaining her sobriety, she was granted an extension of time to achieve reunification in a permanency review order dated October 10, 2016.[5]

---

[2] Joseph is R.M.'s father; he consented to the termination of his parental rights.
[3] T.P. is now in the custody of his biological father.
[4] A.P.'s father is Nathan, who has not appealed the termination of his parental rights.
[5] In that order, the court wrote:

> The Court finds there are compelling reasons not to proceed with a termination of parental rights, including that [the mother] is compliant with case plan expectations. [The mother] continues on probation. She will graduate from substance abuse treatment next week. She is drug testing as expected. She participates in domestic violence counseling. Both fathers continue to be incarcerated.

At the time of a February 8, 2017 permanency hearing, the mother had secured her own independent housing, continued to provide clean drug screens, was employed, participated in appropriate interactions with A.P. and R.M., was participating in family team meetings, and was complying with the terms and conditions of her criminal probation. She progressed to unsupervised, overnight visits with the children.

The mother gave birth to another child, C.N., in May 2017. Unfortunately, both she and the infant tested positive for methamphetamine. C.N. was placed for adoption. The mother admitted to methamphetamine use and her visitation with A.P. and R.M. returned to being fully supervised. The mother tested positive for methamphetamine in June, July, and August 2017.

At the time of the termination trial on September 21, 2017, the mother was in jail awaiting disposition of pending criminal charges, including possession of methamphetamine, second or subsequent offense; possession of drug paraphernalia; and driving while license under suspension. There was also pending an application to revoke her probation for three counts of prohibited acts, for which the State was recommending the mother be held in custody pending an opening in a substance-abuse-treatment facility, where she would remain for 365 days or until maximum benefits were achieved. At that time, the State, the

---

It is therefore ORDERED that pursuant to Iowa Code section 232.104(2)(b), custody of the children shall remain with the Department of Human Services for purposes of family foster care. It is further the order of this court that the permanency goal of this case remain family reunification for an additional six months, as the parties agree that it is reasonably likely that the children will be returned to parental custody within that time.

department of human services, and the children's guardian ad litem all recommended termination of the mother's parental rights.

The mother appeals from the October 25, 2017 termination order. She challenges the termination of her parental rights under section 232.116(1)(g) and asserts the court erred in finding termination was in the children's best interests. She also maintains the parent-child bond should preclude termination of her parental rights and the court should have allowed an additional six months to achieve reunification.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Here, we find clear and convincing evidence supporting termination under section 232.116(1)(f) as to A.P., and under section 232.116(1)(h) as to R.M. The State has proved by clear and convincing evidence the children, ages two and four, have been adjudicated CINA, have been out of their mother's legal custody for more than eighteen months, and cannot be returned to the mother's custody at the present due to her incarceration and unresolved substance-abuse and legal issues.

While the one-year statutory time limit may sometimes be extended under section 232.104(2)(b), the mother has already been granted a six-month extension of time to seek reunification. We "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition

and needs of the child[ren]."  Iowa Code § 232.116(2); *accord In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *P.L.*, 778 N.W.2d at 41.  The statutory time frame has been exceeded.  These children have endured parental instability for too long.  The mother's willingness and ability to accept services is sporadic and disrupted by her continued use of illegal substances.

While the children's foster family is not an available permanent placement, the children's daycare provider is seeking to adopt them.  We conclude termination and adoption will best further the children's long-term nurturing and growth.  Although we acknowledge the bond between the mother and the children, we conclude the parent-child bond is not so strong as to preclude termination under section 232.116(3)(c).  The children are young and need permanency.  We affirm.

**AFFIRMED.**